**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 99-41191**

In the Matter of: JOHN A. HILL,

Debtor.

------------------------

JOHN A. HILL,

Appellant,

**VERSUS**

UNITED STATES OF AMERICA, Acting through its agent,
The Internal Revenue Service,

Appellee.

Appeal from the United States District Court
For the Southern District of Texas

(C-98-CV-494)

June 27, 2000

Before GARWOOD, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant John Hill ("Hill") appeals from an order of the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court affirming the bankruptcy court's grant of summary judgment to the United States in Hill's adversary proceeding that he brought to declare that his tax liability for 1978 was uncollectible as a matter of law. There is essentially one substantive issue in this appeal, that is, whether the district court properly affirmed the bankruptcy court's determination, on reconsideration, that Hill's 1978 income tax liability, which had been reduced to a judgment in 1985, remained collectible despite the alleged running of Florida's statute of limitations on enforcement of judgments purportedly made applicable to the 1985 judgment by 26 U.S.C. § 6502(a), prior to the filing of Hill's bankruptcy petition.

We review the bankruptcy court's findings of fact for clear error, but consider questions of law *de novo*. *See* **Matter of Herby's Foods, Inc.**, 2 F.3d 128, 130 (5th Cir. 1993). Here, the bankruptcy court's factual determinations are not in dispute, and the relevant issue is one of law, that is, a question of statutory interpretation as to whether § 6502 incorporates state statutes of limitations.

Hill argues simply that his 1978 tax liability became uncollectible under § 6502 when the 1985 tax judgment became "unenforceable" under Florida law. He relies on Florida's five-year statute of limitations for actions other than for the recovery of real property found at Section 95.11 of the Florida Statutes. Under Florida's statute of limitations, Hill argues that the 1985 judgment became "dormant" and unenforceable on March 31, 1990, five years

2

after its entry.

While Hill does acknowledge and agree with the government that generally speaking, the United States is not subject to state statutes of limitations with respect to enforcing a judgment in its favor, he argues that where the United States expressly waives its immunity, the state statutes govern. It is Hill's contention that Congress's inclusion of the phrase "until the judgment . . . becomes unenforceable," is an express waiver of immunity because that is the only possible reason for including such language. Hill contends that there is nothing other than state statutes of limitations to which Congress could have been referring when it enacted this language because expiration of such limitations statutes is the only way a judgment could become "unenforceable."

As noted above, the district court and the bankruptcy court both explicitly rejected the contention that the "becomes unenforceable" language constitutes a waiver of the United States' immunity from state statutes of limitations because it "is not a clear statement of Congressional intent to make judgments in favor of the United States subject to state-imposed limits on enforceability."

Having carefully reviewed the issues presented by Appellant Hill and having fully considered the briefs, the record excerpts, the record, and the arguments presented at oral argument, we are persuaded that the order of the district court affirming the judgment of the bankruptcy court should be and the same is hereby AFFIRMED for the reasons stated therein.